Gerald D. Keeler Sr
(Name)
5150 O'Brynes Ferry Road
(Address)
Jamestown, CA 95327
(City, State, Zip)
F87223
(CDC Inmate No.)

2254 ____ 1983 ✓
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ✓ No ____
COPIES SENT TO
Court ✓ ProSe ____

FILED
FEB - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# United States District Court
## Southern District of California

Gerald Dean Keeler Sr.,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

John Sevek
Bonnie M. Dumanis,
Julie Stollenwort,
Cheryl Landi,
Francisco P. Marty Jr,
(Enter full name of each defendant in this action.)

Defendant(s).

'08 CV 0206 JLS JMA

Civil Case No. ____
(To be supplied by Court Clerk)

Complaint Under the Civil Rights Act 42 U.S.C. § 1983

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
**U.S.C.A. §1981, U.S.C.A. §242, U.S.C.A. §1985 18 U.S.C.A.**

**B. Parties**

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Gerald D. Keeler Sr. (print Plaintiff's name) ____, who presently resides at Calavares 01-06L 5150 O'Brynes Ferry Road Jamestown, CA 95327 (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at San Diego Superior Court / Veteran Administration San Diego (institution/place where violation occurred) on (dates) 11-14-07 (Count 1), Thru (Count 2), and 07-02-07 (Count 3).

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant John Sevek resides in San Diego,
(name) (County of residence)
and is employed as a Director of VA Drug Program. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: SEE ATTACHED FACTUAL BACKGROUND

Defendant Bonnie M. Dumanis resides in San Diego,
(name) (County of residence)
and is employed as a County of San Diego District Attorney This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: SEE ATTACHED

Defendant Julie Stollenwort resides in San Diego,
(name) (County of residence)
and is employed as a County of San Diego Probation Dept.. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: SEE ATTACHED

Defendant Cheryl Landi resides in San Diego,
(name) (County of residence)
and is employed as a County of San Diego Public Defender. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: SEE ATTACHED

Defendant: Francisco P. Marty Jr resides in : San Diego and is employed as a: Commissioner. This defendant is sued in his individual and official capacity.

SEE ATTACHED

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: ______ (E.g., right to medical care, access to courts,

SEE ATTACHED VIOLATIONS

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

SEE ATTACHED FACTUAL BACKGROUND


Count 2: The following civil right has been violated: SEE ATTACHED VIOLATIONS (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

SEE ATTACHED FACTUAL BACKGROUND

Count 3: The following civil right has been violated: SEE ATTACHED VIOLATIONS

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

SEE ATTACHED FACTUAL BACKGROUND

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts

Plaintiff was charged/convicted of possession of a controlled substance HS11350(a) Case Number SCD200034/SCD201637. Charles Quirk plaintiff's attorney incorporated substance abuse concerns into a plea-bargaining process which was a key element in strategy to link the justice and drug treatment systems together due to plaintiff's severe lengthy criminal drug abuse. Prior to plaintiff's placement into prop. 36 on October 05, 2006 plaintiff checked himself into VA hospital 28 day detox drug program to address his severe drug dependence. Plaintiff was discharged on November 02, 2006. VA placed plaintiff into VA's outpatient drug program which consisted of one group meeting each Tuesday from 2:30 to 3:30 pm. On November 14, 2006 plaintiff was placed into prop. 36 due to the possession of controlled substance convictions. Prop. 36 agreed to allow plaintiff to remain and continue drug treatment with the VA outpatient drug program due to a contractual relationship prop. 36 had with the VA. Prop. 36 officers were as follows as well as the parties involved: Julie Stollenwort as plaintiff's Probation Officer and Drug Case Manager, Cheryl Landi Public Defender, Bonnie M. Dumanis Office Of District Attorney, Commissioner Francisco P. Marty Jr, and John Sevek Director of VA Drug Treatment Program. In December 2006 plaintiff relapsed and was struggling with plaintiff's severe drug dependence. In January 2007 plaintiff tested positive for rock cocaine while in VA outpatient drug program and was discharged from the program by John Sevek. This information was given to plaintiff's case manager Julie Stollenwort, district attorney, Cheryl Landi, Francisco P. Marty Jr who negligently fail/refused plaintiff a modified, altered, or intensified drug treatment program which is normally done on the first drug violation. This actions deprived plaintiff of due process and equal protection of law like afforded to other addicts, race, creed, color. Prop. 36 officers, district attorney, Francisco P. Marty Jr conspired and allowed plaintiff's outpatient drug treatment to remain unchanged and refused plaintiff the appropriate help in regards to his severe drug dependence. Prop. 36 officers, district attorney, Francisco P. Marty Jr conspired to violate plaintiff's constitutional rights by failing and refusing to accurately screen, assess, plaintiff a necessary and effective drug treatment placement when accepted into the prop. 36 drug program. Prop. 36 officers, John Sevek, district attorney, and commissioner negligently fail/refuse to plan, and coordinate among themselves plaintiff appropriate and effective treatment and a effective treatment match. John Sevek placed plaintiff in a outpatient drug program that did not meet the U.S. Department of Mental Health and Substance Abuse guidelines which stated "a outpatient non-intensive drug program should consist of no less than nine (9)

house arrest. If this would not be acceptable with Riverside County would the court allow plaintiff to complete a long term residential drug treatment in VVSD then place plaintiff back on house arrest. Prop. 36 officer, district attorney, negligently refuse/fail to contact Riverside County and intentionally conspired to deprive plaintiff of the appropriate drug treatment. On February 23, 2007 plaintiff experienced unexpected death and tragedy in plaintiff's home and family which was severe blow to plaintiff's road to recovery in which plaintiff was currently struggling. This tragedy struck immediately after plaintiff's first violation for the dirty drug test. Prop. 36 officers, district attorney, commissioner negligently fail/refuse to modify, alter, and/or intensify plaintiff's drug treatment which are afforded to other addicts, race. In March 2007 prop. 36 officers, district attorney, John Sevek arranged and conspired to place plaintiff back into the same outpatient drug treatment plaintiff was in with the VA when plaintiff started prop. 36. The only change made were Tuesday's 2:30 to 3:30 to Thursday's 10:45 to 12:00pm. A intake evaluation was conducted on plaintiff to decide drug treatment placement prior to placement this go around. Plaintiff told John Sevek and prop. 36 in March 2007 plaintiff need a residential program due to plaintiff's severe drug dependence as well as the tragedy plaintiff had went through and the fact plaintiff tested positive for drugs during the intake process and evaluation which was ignored by John Sevek who placed plaintiff into outpatient drug program that met on Thursday's 10:45 to 12:00pm. The VA policy in evaluation and intake is one must be 72 hours clean and sober before VA will admit you into any program. This was ignored by John Sevek who violated his own policy to deprive me of the appropriate treatment. Prop. 36 knew or should have known of this positive drug test in order to place plaintiff in the appropriate drug treatment program. However, deliberately overlooked this in order to deprive plaintiff the help needed like afforded to other addicts and race. According to John Sevek this was a intensive outpatient drug treatment program. However, this outpatient drug program is not in compliance with the U.S. Department of Health and Human Services Substance Abuse for adults in the criminal justice system. The standard for a intensive outpatient drug treatment hours are to be no less than nine (9) to twenty (20) hours per week. John Sevek also negligently placed plaintiff in a relapse prevention class when plaintiff had already relapsed and tested positive for cocaine during the intake process prior to placement. In May 2007 plaintiff was arrested for being under the influence of cocaine. Prop. 36 officers, district attorney, commissioner, John Sevek negligently fail/refuse to modify, alter, or/and intensify drug treatment nor provided any type of sanction like afforded to other addicts and race. John Sevek, prop. 36 officer, district attorney, commissioner deprived plaintiff a system of sanctions in concert with a sound treatment plan, ad-

equate trained medical staff, and appropriate assessment any time while in prop. 36. In June 2007 plaintiff's probation was violated and reinstated as usual with no change in treatment. Prop. 36 officers, district attorney, John Sevek, commissioner deprived plaintiff of a modified, altered, or intensified appropriate drug treatment program like afforded to other addicts, race. In July 2007 plaintiff was violated and terminated from prop. 36 as well as the VA's outpatient drug program without being afforded the competent medical assistance for my addiction, and the appropriate medical drug treatment placement like afforded to other addicts, race. John Sevek, Prop. 36 officers, district attorney, commissioner conspired to deprive plaintiff services including identification, brief intervention, assessment, diagnosis, counseling, medical decisions, medical services, pyschiatric services, physchological services, social services, detox service, sanction tool's, three (3) available drug courts for criminal drug addicts and follow up's provided and afforded to other addicts, race. Prop. 36 officers, district attorney, John Sevek, Francisco P. Marty Jr conpired to deprive and denied plaintiff the over all goal of drug treatment to eliminate and competently assist to eliminate the use of drugs like afforded to other addicts, race. Prop. 36 officers, district attorney, John Sevek, commissioner conspired to deprive plaintiff of implementation of sanctions in order to quickly remove plaintiff from prop. 36 and send plaintiff to state prison due to race and addiction. Prop. 36 officers, district attorney, commissioner, John Sevek knew plaintiff was a significant risk due to plaintiff's severe drug dependence, and recidivism and intentionally and negligently fail/refuse to prioritize plaintiff for intensive residential drug treatment, and encouraged failure and not success of treatment like afforded to other addicts, race. Due to plaintiff's race, severe drug dependence, business success as a black man in the San Diego community, real estate owner and investor, prop. 36 officers, district attorney, John Sevek, commissioner conspired to deprive plaintiff the full extent of Crime Prevention Act of 2000 like afforded to other race, addicts. Due to racism, gross negligence, recklessness, malice, intentional conduct, conspiracy to violate plaintiff's constitutional rights on the part of County of San Diego Prop. 36 Officer's Julie Stollenwort, Cheryl Landi, Bonnie M. Dumanis, John Sevek, Francisco P. Marty Jr and on part San Diego County of Probation, San Diego County District Attorney Office , San Diego County Prop. 36, County of San Diego, and Veteran Administration failing to properly train and supervise their officers plaintiff was denied the State and Federal constitution of the United States of American due to plaintiff race and severe drug addiction illness.

CONSTITUTIONAL VIOLATIONS

THE FOLLOWING CIVIL RIGHTS HAS BEEN VIOLATED:

1. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

2. THE NEGLIGENT AND INCOMPETENT PERFORMANCE OF DIRECTOR OF VA DRUG TREATMENT PROGRAM.

3. THE DENIAL OF DUE PROCESS RIGHTS.

4. THE DENIAL OF EQUAL PROTECTION OF THE LAW.

5. COMMISSIONER, PROP. 36 OFFICER'S, DIRECTOR OF VA DRUG TREATMENT CONSPIRED TO DEPRIVE AND VIOLATE PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS.

6. COMMISSIONER, PROP. 36 OFFICER'S, DIRECTOR OF VA DRUG TREATMENT CONSPIRED DEPRIVE AND DENY PLAINTIFF THE APPROPRIATE DRUG TREATMENT PLACEMENT, APPROPRIATE DRUG TREATMENT, AND THE FULLEST EXTENT OF CRIME PREVENTION ACT OF 2000 IN ORDER TO SEND PLAINTIFF TO STATE PRISON DUE TO RACE AND DRUG ADDICTION.

7. THE NEGLIGENT AND INCOMPETENT PERFORMANCE OF PROP. 36 OFFICERS.

8. THE NEGLIGENT AND INCOMPETENT PERFORMANCE OF COMMISSIONER DUTIES AND ACTING OUTSIDE OF HIS DUTIES BY MAKING MEDICAL DECISION TO INTERFERE WITH PLAINTIFF'S MEDICAL TREATMENT, PREMATURELY AND NEGLIGENTLY REMOVING PLAINTIFF OUT OF DRUG TREATMENT BASED ON HIS OWN MEDICAL OPINION.

9. COMMISSIONER, PROP. 36 OFFICERS, DIRECTOR OF VA DRUG TREATMENT CONSPIRED TO DESTROY PLAINTIFF'S INTERRACIAL MARRIAGE, BUSINESS, AND LIFE DUE TO DEPRIVING PLAINTIFF THE APPROPRIATE MEDICAL ASSESSEMENT, MEDICAL DRUG TREATMENT, AND PLACEMENT IN ORDER TO SEND PLAINTIFF TO STATE PRISON BASED ON HIS SEVERE DRUG DEPENDENCE.

10. PLAINTIFF WAS TREATED DIFFERENTLY DUE TO RACE, COLOR, CREED.

11. PROP. 36 OFFICERS, DIRECTOR OF VA DRUG PROGRAM NEGLIGENTLY AND INCOMPETENTLY MISDIAGNOSED PLAINTIFF'S MOTIVATION AND READINESS TO CHANGE, LEVEL OF SUBSTANCE ABUSE PROBLEM.

12. COMMISSIONER, PROP. 36 OFFICERS, DIRECTOR OF VA DRUG TREATMENT NEGLIGENTLY FAIL TO COMMUNICATE VITAL INFORMATION ABOUT PLAINTIFF'S REPORT, DRUG SCREEN, PARTICIPATION IN TREATMENT, LEVEL OF FUNCTIONING, MENTAL HEALTH STATUS, AND PHYSICAL CONDITION, AND TREATMENT CHANGES AND NEEDS. NEGLIGENTLY FAIL TO TRANSFER INFORMATION, AND PROVIDE ADEQUATE PERSONNEL FOR ON-GOING PLANNING, PLANNING, AND COORDINATION AMONG THE CRIMINAL JUSTICE SYSTEM, AND THE SUBSTANCE ABUSE TREATMENT STAFF, POLICY MAKERS, AND OTHER STAKE HOLDERS WHICH ARE IMPORTANT IN ESTABLISHING AN EFFECTIVE TREATMENT MATCH.

13. THE NEGLIGENT AND INCOMPETENT PERFORMANCE OF District ATTORNEY DUTIES AND ACTING OUTSIDE HIS DUTIES BY MAKING MEDICAL DECISION TO INTERFERE WITH PLAINTIFF'S MEDICAL TREATMENT, PREMATURELY AND NEGLIGENTLY REMOVING OR RECOMMENDING PLAINTIFF OUT OF DRUG TREATMENT BASED ON HIS OWN MEDICAL OPINION WITHOUT LICENSE TO PRACTICE MEDICINE.

involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: ______________________________
Defendants: ______________________________

(b) Name of the court and docket number: ______________________________

______________________________.

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] ______________________________

______________________________.

(d) Issues raised: ______________________________

______________________________

______________________________

______________________________

______________________________.

(e) Approximate date case was filed: ______________________________.

(f) Approximate date of disposition: ______________________________.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

THIS IS NOT A INCARCERATION ISSUE

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): ____________________

2. Damages in the sum of $ 5 MILLION.

3. Punitive damages in the sum of $ 5 MILLION.

4. Other: 1 million behalf of Josie Keeler due to the deprivation of love, care, support, companionship, thus causing emotional and mental distress. Plaintiff seek reasonalbe attorney fee's and the costs incurred in litigation this action pursuant to 42 U.S.C.A. §1988

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ XXX Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

1-29-08
Date

[signature]
Signature of Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 ____ 1983 ____
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ____ No ____
COPIES SENT TO
Court ____ Pro Se ____

FILED
FEB - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

I (a) PLAINTIFFS

**Gerald Dean Keeler, Sr.**

DEFENDANTS

**Sevek, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Tuolumne
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Gerald Dean Keeler, Sr.**
**5150 O'Brynes Ferry Road**
**Jamestown, CA 95327**
**F-87223**

ATTORNEYS (IF KNOWN)

'08 CV 0206 JLS JMA

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**42 U.S.C. 1983**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 2/1/2008 SIGNATURE OF ATTORNEY OF RECORD

CR